IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS LOPEZ LOPEZ | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-1539 |
| | : | |
| J.L. JAMISON, et al. | : | |

## MEMORANDUM

**Judge Juan R. Sánchez**                                                                                           **March 11, 2026**

      Petitioner Carlos Lopez Lopez brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS") in the same manner as hundreds of noncitizens within this district and thousands of people around the country. He argues his mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2), a provision of the Immigration and Nationality Act, is illegal. Because § 1225(b)(2) does not apply to noncitizens like Lopez Lopez who have resided within the United States for years, his petition will be granted.

**BACKGROUND**

      Carlos Lopez Lopez is a noncitizen who has been living in Pennsylvania for over a decade with his family. Pet. Writ Habeas Corpus ¶ 24, Dkt. No. 1. Lopez Lopez has not previously been arrested by immigration authorities and has no criminal history. *Id.* ¶ 25. On March 10, 2026, Lopez Lopez was stopped and arrested by DHS agents on his way to work. *Id.* ¶ 26. He is currently being detained at the Federal Detention Center in Philadelphia. *Id.* ¶ 27. He then filed the instant habeas petition on the same day. The Government responded on March 11, 2026. It contends Lopez Lopez was detained by DHS pursuant to the administration's new policy to subject all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country to mandatory detention without bond under § 1225(b).

Gov't Resp. Opp. Pet. 3, Dkt. No. 6; *see also Ndiaye v. Jamison*, No. 25-CV-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (describing the history of the new policy). The Government has not provided any other justification for detaining Lopez Lopez.

**DISCUSSION**

Lopez Lopez argues his detention is illegal because he has been improperly subjected to mandatory detention without bond under § 1225(b)(2) instead of § 1226's discretionary detention. The Government asserts noncitizens like Lopez Lopez are properly detained under § 1225(b)(2). This Court has considered this legal question in numerous cases and has ruled against the Government every time. *See, e.g., Ndiaye*, 2025 WL 3229307, at *2. In the Eastern District of Pennsylvania, every single district judge who has addressed this issue has also ruled against the Government's position.[1] Around the country, some "308 judges have ruled against the [Government]'s mass detention policy" in more than 3,000 cases. Kyle Cheney, *Hundreds of Judges Reject Trump's Mandatory Detention Policy, With No End in Sight*, Politico (Jan. 5, 2026, 5:55 AM), https://perma.cc/AE6M-LD3L; Kyle Cheney, *How ICE Defies Judges' Orders to Release Detainees, Step by Step*, Politico (Feb. 10, 2026, 5:00 AM), https://perma.cc/G33Y-5AC5.

Despite the thousands of cases "piled sky high against the Government's position," it continues to invoke § 1225(b)(2) to detain noncitizens who are then quickly granted relief by district courts. *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025). "And yet, for each rejection of the Government's legal position and granting of habeas relief to the petitioners, at least two more nearly-identical habeas petitions appear to populate the dockets of this district." *Once Chillogallo v. Jamison*, No. CV 26-0313, 2026 WL 295741, at *1

---

[1] *See Ndiaye v. Jamison*, No. CV 25-6007, 2026 WL 373247 at *7 n.10 (Feb. 10, 2026) (collecting cases).

2

(E.D. Pa. Feb. 4, 2026).  Indeed, because a district court's decision in one case does not control the outcome in another case, the Government can continue to engage in the illegal detention of these noncitizens until the Third Circuit (or Supreme Court) rules on this issue.  This dynamic creates a "'*catch me if you can*' kind of regime . . . , where everybody has to have a lawyer and file a lawsuit in order for the government to stop violating people's rights."  Transcript of Oral Argument at 76:17-21, *Trump v. CASA, Inc.*, 606 U.S. 831 (2025) (No. 24A884) (Jackson, J.) (emphasis added).

The Government could have addressed this issue by ending its practice of illegal detention or seeking an expedited appeal in the Third Circuit.  But for months, the Government has not taken either action.  It continues to illegally detain noncitizens and previously had refused to seek expedited appeal in this Circuit.  It has instead slowed the appeals process by appealing on the last day of its deadline and successfully seeking a stay of appellate proceedings.  *Cantu-Cortes v. Acting Dir. U.S. Immigr. Customs and Enf't*, No. 26-1066 (3d. Cir. Jan. 13, 2026) (Dkt. No. 1); *Cantu-Cortes*, No. 26-1066 (3d. Cir. Feb. 19, 2026) (Dkt. No. 9).  It only sought expedited review from the Third Circuit last week.[2]  This behavior is particularly damning when considering that the Government has successfully sought expedited review months ago in the Fifth, Sixth, Eighth, and Eleventh Circuits.[3]  As a result of its own actions, the Government can continue to violate the law in this district while noncitizens continue to be illegally detained unless they acquire a lawyer to file a habeas petition.

---

[2]   The Government stated it has filed a motion to expedite the appeals in *Lopes De Andrade v. Dir. Phila. Field Off. Immigr. Customs and Enf't*, No. 26-1454 (3d Cir.), and *Butskhrikidze v. Acting Dir. U.S. Immigr. Customs and Enf't*, No. 26-1455 (3d Cir.) on March 6, 2026.  Gov't Resp. Opp. Pet. 4-5 n.4.

[3]   *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 n.1 (5th Cir. 2026) (Douglas, J., dissenting); *Pizarro Reyes v. Raycraft*, No. 2501982 (6th Cir. Nov. 25, 2025) (Dkt. No. 10); *Herrera Avila v. Bondi*, No. 25-3248 (8th Cir. Dec. 12, 2025); *Hernandez Alverez v. Warden, Federal Detention Center* (11th Cir. Dec. 11, 2025) (Dkt. No. 14).

Although this Court cannot remedy this violation across the board, it can remedy it for Lopez Lopez. So based on the Court's previous opinions, the decisions of all the judges who have considered the issue in the district, and the thousands of cases around the country, the Court finds Lopez Lopez cannot be detained under § 1225(b)(2). Lopez Lopez's current detention is therefore illegal, and he is entitled to immediate relief.

**CONCLUSION**

Accordingly, the Court will grant Petitioner Lopez Lopez's Petition for Writ of Habeas Corpus in full and order his immediate release.[4]

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[4] Like in *Ndiaye*, the Government has not offered any rationale for detaining Lopez Lopez beyond the mandatory detention provision of § 1225, therefore, this Court will order his immediate release without a bond hearing. *See* 2025 WL 3229307, at *8 & n.5.